UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>PENINSULA PACKAGING, LLC, et al.,<br><br>Defendants. | No. 1:19-cv-01693-DAD-EPG<br><br><u>ORDER SETTING SETTLEMENT CONFERENCE</u> |

The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Dennis M. Cota to conduct a settlement conference on May 27, 2021 at 9:30 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Dennis M. Cota on May 27, 2021 at 9:30 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.
2. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and

authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle[1].

3. Parties are directed to submit confidential settlement statements no later than May 20, 2021 to dmcorders@caed.uscourts.gov. Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

IT IS SO ORDERED.

Dated:  **April 14, 2021**                  /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).